UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00140-LLK

MARGARET C. MILLER                                                             PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security           DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to the fourth sentence of 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. Plaintiff's fact and law summary and the Commissioner's responsive fact and law summary are at Dockets # 18 and 21. Additionally, Plaintiff filed a motion for a remand for consideration of new and material evidence pursuant to the sixth sentence of Section 405(g). (Docket # 17.) The Commissioner's response in opposition to Plaintiff's motion is included in her fact and law summary because, according to the Commissioner, the issues are "inextricably linked." (Docket # 21 at 2.)

This case is ripe for determination. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 12.) For the reasons below, the Court will DENY Plaintiff's motion for a remand (Docket # 17); AFFIRM the Commissioner's final decision; and DISMISS Plaintiff's complaint.

**The ALJ's decision**

The Administrative Law judge ("ALJ") denied Plaintiff's disability claim pursuant to the familiar 5-step sequential evaluation process, which applies in most Social Security disability cases. First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 1, 2011, when she alleges she became disabled. (Administrative Record ("AR") at 18.) Second, the ALJ found that Plaintiff suffers from the following "severe," or vocationally significant, medical impairments: obesity, degenerative changes

1

of the lumbar spine and hips, sacroiliitis, and history or recurrent kidney stones resulting in eventual removal of the right kidney. (AR at 19.) Third, the ALJ found that Plaintiff does not suffer from a medical impairment satisfying the medical criteria of any impairment listed in Appendix 1 of the regulations. (*Id.*)

As required in any case that advances beyond step 3, the ALJ determined Plaintiff's residual functional capacity (RFC). The ALJ found that Plaintiff has an RFC to perform a limited range of light work, with the following additional non-exertional limitations: can only occasionally climb ramps and/or stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, or crawl; and no constant exposure to vibration. (AR at 20.)

Fourth, the ALJ found that Plaintiff is not disabled because she retains the ability to perform her past relevant work as a light cashier and closing manager. (AR at 22, 53.) Fifth, the ALJ found, in the alternative, that Plaintiff is not disabled because she retains the ability to perform a significant number of other jobs in the national economy such as sedentary puller, stuffer, and ticket taker. (AR at 23-24, 54.)

The ALJ's alternative fifth-step finding was premised on vocational testimony that contemplated greater restrictions than the ALJ's RFC finding. Specifically, the ALJ asked the vocational expert (VE) to assume (in addition to the above non-exertional limitations) that the individual is restricted to sedentary (as opposed to light) work. (AR at 54-55.) The VE testified that the individual could work as a sedentary puller, stuffer, or ticket taker. (*Id.*).

## Judicial Review, Sentence 4, 42 U.S.C. § 405(g)

Where, as here, the Appeals Council declined to review the ALJ's decision (AR at 1), judicial review is limited to the evidence that was part of the record before the ALJ. *Bass v. Comm'r of Soc. Sec.*, 499 F.3d 506, 512-13 (6th Cir. 2007). The Court decides only whether substantial evidence supports the ALJ's findings. *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009). If so, the Court affirms those findings even in the face of substantial evidence supporting a different (or even an opposite) conclusion. *Id.*

2

In a Care Plan from March 2017, Plaintiff's treating advanced practice registered nurse (APRN), Angela Jessie, indicated that she had prescribed Plaintiff a wheelchair:

> [Patient] reports having increasing difficulty walking due to hip pain.  Contin[ue] to see pain clinic.  Rx [prescription] written for wheelchair.

(AR at 660.)[1]  The ALJ found that Plaintiff failed to prove that she medically requires a wheelchair:

> The undersigned notes that the claimant's physician *(sic.) (Ms. Jessie is an APRN)* prescribed a wheelchair in March of 2017.  However, to find that an assistive device is required, there must be medical documentation establishing the need for the device, as well as describing the circumstances in which it is needed.  (SSR [Social Security Ruling] 96-9p.)  However, the medical evidence does not sufficiently document the need for this device.  In fact, on the same day the prescription was written, the claimant had normal range of motion, normal strength, and no instability.  There was also no evidence of tenderness or crepitus.  [AR at 657-60.]  Further, the record does not contain a description of the circumstances for which this device is required.

(AR at 21-22.)

Plaintiff argues that the ALJ's RFC finding for light work is not supported by substantial evidence. (Docket # 18 at 2-4.)  Even if the ALJ's RFC finding for light work is unsupported, reversal of the ALJ's decision is unwarranted in light of the ALJ's alternative fifth-step findings, which limited Plaintiff to sedentary work.[2]  AR at 23-24, 54-55.  "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result."  *Kornecky v. Comm'r*, 167 F. App'x 496, 507 (6th Cir. 2006) (quoting *Fisher v. Sec'y*, 869 F.2d 1055, 1057 (7th Cir. 1989)).  In this case, if the Court were to remand this case to the ALJ for a new RFC determination and decision, the ALJ would likely reaffirm his prior, alternative finding that Plaintiff is able to perform a significant number of sedentary jobs in the national economy.

---

[1] In June 2017, APRN Jessie reaffirmed that Plaintiff "[r]equires wheelchair due to pain in R [right] hip."  (AR at 958.)

[2] Additionally, the ALJ asked the VE to assume that the individual "would have to work form a wheelchair."  (AR at 55.)  The VE testified that, because working form a wheelchair is sedentary work, the real issue is whether "the actual [work site] building might keep it from happening."  (AR at 56.)

In support of her argument that the ALJ's RFC finding for light work is unsupported, Plaintiff cites: 1) APRN Jessie's wheelchair prescription; 2) The medical evidence, and 3) The limiting effects of her pain and other subjective symptoms. (Docket # 18 at 2, 3, 4.)

The wheelchair prescription does not undermine the ALJ's RFC finding for four reasons. First, the prescription itself, if any, does not appear in the administrative record. There is no evidence that Plaintiff medically needed (as opposed to subjectively desired) a wheelchair or that she actually obtained and used a wheelchair.[3] Second, there is no evidence of the circumstances of Plaintiff's medical need, if any, for a wheelchair, e.g., whether she needs it both inside and outside the home/work site, for walking on uneven surfaces, balance, rest, etc. As noted by the ALJ, SSR 96-9p, 1996 WL 374185 requires documentation of both the need and the circumstances of needing an assistive device. (AR at 21.) Third, there is no evidence that any actual wheelchair use satisfied the 12-month duration requirement. *See* 42 U.S.C. § 423(d)(1)(A) (To be disabling, any impairment or limitation must have "lasted or can be expected to last for a continuous period of not less than 12 months."). Fourth, an advanced practice registered nurse (APRN) is not an acceptable medical source.[4]

Regarding the medical evidence, Plaintiff cites, as allegedly undermining the ALJ's RFC finding of light work, three items: 1) APRN Jessie's note from March 2017 (contemporaneous with her wheelchair prescription) that Plaintiff is experiencing "increasing difficulty walking due to hip pain" and she need to "contin[ue] to see pain clinic" (AR at 660); 2) Intervention Pain Specialists' notes from December 2016 through May 2017 of sacroiliac (SI) joint tenderness (AR at 694, 696, 701, 704, 709, 714); and 3) Note from

---

[3] Some of the new evidence produced by Plaintiff in support of a Sentence 6 remand suggests that she does not need a wheelchair. For example, in September 2017, Rasesh Dasai, M.D., observed that Plaintiff was "able to work without any assistance." (Docket # 17-2 at 6.)

[4] While recent changes to the regulations now include licensed advanced practice registered nurses (APRNs) among the list of "acceptable medical sources," the changes are expressly not retroactive. *See* 20 C.F.R. § 404.1502(a)(7) ("Acceptable medical source means a medical source who is a ... Licensed Advanced Practice Registered Nurse ... for impairments within his or her licensed scope of practice ... only with respect to claims filed ... on or after March 27, 2017."). Plaintiff filed her claims in 2015. (AR at 16.)

December 2017 through January 2017 of "SIJ [sacroiliac joint] Provocative Tests: Pre-diagnostic injection -- FABER test positive, compression test positive and thigh thrust test positive" (AR at 704, 709, 714). These notes do not undermine the ALJ's RFC finding for light work for two reasons. First, these findings do not indicate that Plaintiff cannot perform light work. *See* 20 C.F.R. § 404.1527(a)(2) (Treatment notes do not qualify as medical opinions unless they "reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Neither the ALJ, the Plaintiff, nor this Court has the medical expertise necessary to opine whether raw medical findings preclude light work. *See Rudd v. Comm'r*, 531 F. App'x 719, 726 (6th Cir. 2013) (quoting *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999)) ("As a lay person, ... the ALJ was simply not qualified to interpret raw medical data in functional terms."). Second, even if the notes do preclude light work, they do not satisfy the 12-month duration requirement because they address Plaintiff's RFC only from December 2016 through May 2017. To be disabling, an impairment must have "lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

Regarding the limiting effects of subjective symptoms, the ALJ was not required to find that Plaintiff's pain and other subjective symptoms preclude performance of light work. Historically, an ALJ's evaluation of the intensity, persistence, and limited effects of pain and other subjective symptoms was known as the "pain-credibility" analysis, and the Sixth Circuit instructed reviewing courts not to disturb an ALJ's pain-credibility analysis absent a "compelling reason." *Smith v. Comm'r*, 307 F.3d 377, 379 (6th Cir. 2001). In 2016, the Social Security Administration promulgated Social Security Ruling (SSR) 16-3p, which indicated that (going forward) references to "credibility" should be avoided because "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2016 WL 1119029, *1. Nevertheless, the deferential standard of review of an ALJ's determination of the limitations due to

pain and other subjective symptoms remains. Plaintiff identifies no compelling reason for disturbing the ALJ's finding that, notwithstanding her symptoms, she can perform a limited range of light work.

Therefore, the ALJ's RFC finding for light work is supported by substantial evidence and is in accord with applicable legal standards. Even if the finding is not supported and Plaintiff is limited to sedentary work, there is no reversible error in light of the ALJ's alternative fifth-step denial rationale. (AR at 23-24, 54-55.)

**Motion for a Remand, Sentence 6, 42 U.S.C. § 405(g)**

As noted at the outset, Plaintiff filed a motion for a remand for consideration of new and material evidence pursuant to the sixth sentence of 42 U.S.C. § 405(g), to which the Commissioner responded in opposition. (Dockets # 17, 21.) Plaintiff appends to her motion three items of new evidence.[5] (Docket # 17-1, 17-2, 17-3.) Plaintiff argues that the new evidence is material because it undermines the ALJ's RFC finding for light work and, if accepted, would restrict her to sedentary work.

---

[5] First, on September 28, 2017, Brian Wallace, M.D., (Medical Center at Bowling Green) interpreted an MRI of Plaintiff's lumbar spine as showing:
1. There is a left central and left foraminal disc protrusion at L5-S1 causing impingement of the left S1 nerve root.
2. Mild left neuroforaminal narrowing at L1-2 secondary to disc bulge asymmetric to the left.
3. Linear increased T2 signal intensity within the distal spinal cord may represent ventriculus terminalis or syrinx.
(Docket # 17-1 at 1-2.)

Second, on October 17, 2017, in light of the MRI, Rasesh Dasai, M.D., (Medical Center Orthopaedics, Bowling Green) opined:
I reviewed the MRI report. Is suggestive of left-sided L5-S1 disc herniation but I think it is more of the S1-S2 left-sided disc herniation impinging on the left S2 nerve root. She does have a transitional vertebra. However, all her symptoms are more on the right side. She has been complaining of more in the right gluteal area pain as well as right hip pain. The hip x-rays are not suggestive of any significant arthritic changes. I think a lot of her pain is probably coming from the SI [sacroiliac] joint. We have discussed different treatment option. I explained her that I do not do surgeries for the SI joint and she might have a see Dr. Singer [Western Kentucky Orthopaedic and Neurosurgical Associates, Bowling Green] again and see if he can do the SI joint fusion.
(Docket # 17-2 at 3.)

Third, on February 27, 2018, Todd Shanks, M.D., (Western Kentucky Orthopaedic and Neurosurgical Associates, Bowling Green) gave the following assessment:
I did discuss with [Plaintiff] that if surgery would be warranted in the future it would be much more optimal for her to experience a significant amount of weight reduction and we would like to at least identify the pain generator which I do feel is L5-S1. I will see her back in approximately 2 months to see how she is responding.
(Docket # 17-3 at 2.)

Evidence is material only if Plaintiff shows that there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence." *Miller v. Comm'r*, 811 F.3d 825, 839 (6th Cir. 2016). The evidence is not material in light of the ALJ's alternative fifth-step findings, which limited Plaintiff to sedentary work. (AR at 23-24, 54-55.)[6] In other words, if the Court were to remand this case to the ALJ to consider the new evidence, assuming the ALJ found the evidence to be incompatible with an ability to perform light work, the ALJ would <u>not</u> likely conclude that Plaintiff is disabled. Rather, the ALJ would likely reaffirm his prior, alternative finding that Plaintiff is able to perform a significant number of sedentary jobs in the national economy.

### Order

For the foregoing reasons, Plaintiff's motion for a remand (Docket # 17) is hereby DENIED; the Commissioner's final decision AFFIRMED; and Plaintiff's complaint is DISMISSED.

June 12, 2019

Lanny King, Magistrate Judge
United States District Court

---

[6] "Good cause" apparently is present because the evidence arose from continued medical treatment. "[G]ood cause is shown for [a Sentence 6] remand if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Guill-McCoy v. Comm'r*, Civil Action No. 5:14-CV-00054, 2014 WL 6977886 (W.D. Ky.) (quoting *Koulizos v. Sec'y*, No. 85-1654, 1986 WL 17488 (6th Cir. Aug. 19, 1986)).